UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL J. GAVIN (#9000116394)**  **CIVIL ACTION**

**VERSUS**

**LESTER J. GAUTHIER**  **NO. 11-0639-FJP-CN**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, October 5, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL J. GAVIN (#9000116394)**            **CIVIL ACTION**

**VERSUS**

**LESTER J. GAUTHIER**            **NO. 11-0639-FJP-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    The pro se plaintiff, an inmate confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against attorney Lester J. Gauthier, complaining that the plaintiff retained the defendant to represent the plaintiff in connection with criminal proceedings, but that the defendant has performed in an unprofessional manner and has not represented the best interests of the plaintiff.

    Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed. Green v. McKaskle, supra.

    The plaintiff's allegations fail to show that there is an arguable factual and legal basis of constitutional dimension for the asserted wrong. The plaintiff essentially complains that his retained attorney has failed to take appropriate legal action in connection with the

plaintiff's criminal proceedings. This claim, however, fails to establish that the defendant has acted "under color of state law", which is a prerequisite for the assertion of a claim under § 1983. Private attorneys, whether retained or appointed in any proceeding, owe their duty only to their clients and not to the public or to the State. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Thus, this claim is not cognizable under § 1983 because no "state action" is involved and because § 1983 does not operate as a vehicle for the prosecution of legal malpractice claims against private attorneys. See O'Brien v. Colbath, 465 F.2d 358 (5th Cir. 1972); Ellison v. De La Rosa, 685 F.2d 959 (5th Cir. 1982); United States v. Zibilich, 542 F.2d 259 (5th Cir. 1976). Accordingly, inasmuch as it is clear that the allegations of the plaintiff's Complaint fail to state an arguable claim of constitutional dimension, Green v. McKaskle, supra, and inasmuch as there is no other perceived jurisdictional basis upon which the plaintiff may assert his claim for damages in this Court, it is appropriate that this action be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e).[1]

---

[1] 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915(e).

Signed in chambers in Baton Rouge, Louisiana, October 5, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**